UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATE OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 13-CR-219-GKF |
| ) | |
| PAUL D. EDWARDS, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

At the hearing held December 10, 2013, the Defendant's Motion to Declare this Case a Complex Matter pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 316(h)(7)(B)(ii) (Dkt. #14) came before the court. The defendant asks the Court to declare this matter complex under the Speedy Trial Act. The defendant's counsel advises that the government counsel agrees with this motion and has no objection.

The indictment (Dkt. #2) was returned on November 5, 2013, and charges the defendant with six separate counts.[1] Count One of the indictment charges the defendant with possessing or attempting to possess child pornography, a felony in violation of 18 U.S.C. § 2252(a)(4)(B). Counts Two thru Six charge the defendant with receipt and attempted receipt of child pornography, a felony in violation of 18 U.S.C. § 2252(a)(2).

The government's case revolves around the defendant's alleged receipt and possession of child pornography. During argument on the

---

[1] The indictment was unsealed on November 7, 2013.

defendant's motion is was revealed by defense counsel, and confirmed by the government, that there are as many as 20,000 individual images contained on the storage devices that have been examined thus far.  It was also revealed that there are potentially as many as six additional storage devices which may contain additional unknown quantities of alleged child pornography.  Defendant claims that the government does not anticipate that the other storage devices will be examined but the sheer volume of images discovered thus far necessitates this case be declared complex.

Sections 3161(h)(7)(a) and (h)(7)(b)(ii) of the Speedy Trial Act permit a Federal District Court to exclude a delay resulting from a continuance if "the judge granted such continuance on the basis of [his] findings that the ends of justice served by taking such action outweigh the best interest of the public and defendant in speedy trial." 18 U.S.C. § 3161(h)(7)(A).  A court must orally or in writing set forth its reasons for granting the ends of justice continuance and make findings that continuance is in the best interest of the defendant and the public.  Id. The statute permits a court to consider whether the failure to grant such a continuance would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Defendant asks the court to declare this matter a complex case under § 3161(h)(7)(B)(ii), and government counsel has no objection to the motion. The court has reviewed the defendant's motion and concludes that the defendant has provided an adequate record for the court to rule on this matter.  The

Court finds that it would be unreasonable to expect defense counsel to review discovery, draft pretrial motions, an prepare for trial within the time provided by the speedy trial action and that this case should be declared complex under § 3161(h)(7)(B)(ii). The government has indicated as many as 20,000 images need to be reviewed, and this is a substantial amount of material for defense counsel to review before trial. For the reasons set forth on the record at the hearing, the Court finds that strict compliance with the Speedy Trial Act's 70 day deadline would subvert the public's interest in a fair trial of this case. While the public has a strong interest in a speedy trial of all criminal cases, this interest must be balanced against the defendant's interest in having adequate time to prepare for trial. The defendant's interest in having adequate time to review discovery and prepare for trial outweighs the public's interest in a speedy trial, and the public's interest in a speedy trial will not be subverted by declaring this matter a complex case.

IT IS THEREFORE ORDERED that the Defendant's Motion to Declare Case Complex pursuant to 18 U.S.C. § 3161(h)(7)(A) and 3161(h)(7)(B)(ii) (Dkt #14) is granted. All deadlines in the Scheduling Order (Dkt. #9) including jury trial set for December 16, 2013, are stricken.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT